# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Ronald Satish Emrit,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　)　　　Civil Action No.  20-417 (UNA)
　　　　　　　　　　　　　　　　　　)
Betsy DeVos *et al*.,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants.　　　　　　)

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*.  The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  Under the doctrine of sovereign immunity, the United States and its agencies may be sued only upon consent, which must be clear and unequivocal.  *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted).  A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted).  A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction.  *See* Fed. R. Civ. P. 8(a).  Failure to plead such facts warrants dismissal of the action.

1

Plaintiff, a resident of Sarasota, Florida, has sued the United States Department of Education, Education Secretary Betsy DeVos, two entities that appear connected to the Department, and a private company in Oregon. *See* Compl. ¶¶ 6-11. Over time, plaintiff allegedly has obtained student loans from "Sallie Mae, Brown University . . . Department of Education, Southwest Student Services Corporation, Access Group/KHESLC, and/or Mohela Corporation[.]" *Id.* ¶ 49. Plaintiff alleges, *inter alia*, that those now "consolidated student loans . . . have . . . apparently been classified as 'defaulted'," and the Treasury Offset Program (TOP) "has allowed the U.S. Department of Education to garnish at least 15% of the plaintiff's disability check from the Social Security Administration (SSA)." *Id.* ¶¶ 50-51. Plaintiff also alleges that he has "tried to get this garnishment stopped through" defendants Default Resolution Group, NelNet, and Action Financial Services, "but none of these agencies have been able to help [him] get his student loans discharged and/or forgiven because of permanent disability and/or economic hardship." *Id.* ¶ 52.

In the nine-count complaint, plaintiff alleges breach of contract (count one), constitutional violations (counts two through four), violations of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990 (ADA) (counts five and six), and tortious conduct (counts seven through nine). *See* Compl. ¶¶ 56-89. Plaintiff seeks $250,000 in monetary damages and "an injunction . . . mandating that the five defendants cease and desist" garnishment of his disability check. Compl. at 25.

Congress has not waived the federal government's immunity from lawsuits based on constitutional violations. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 478 (1994). Nor has it waived the Department of Education's sovereign immunity as to injunctive relief. The Higher Education Act of 1965 specifically provides that "no . . . injunction . . . shall be issued against

the Secretary or property under the Secretary's control[.]" 20 U.S.C. § 1082(a) (2) (emphasis added); *see Thomas v. Bennett*, 856 F.2d 1165, 1168 (8th Cir. 1988) (agreeing that "this provision prohibits [a] claim for injunctive relief" against the Education Secretary).

As for the federal statutory claims, plaintiff has not established his standing to sue, which also "is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). The "purpose of Title VII is to protect employees from their employers' unlawful actions," *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 178 (2011), but plaintiff has alleged no facts from which it may be found or reasonably inferred that he is a "person . . . aggrieved by an unlawful employment practice." *Fair Employment Council of Greater Washington, Inc. v. BMC Mktg. Corp.*, 28 F.3d 1268, 1278 (D.C. Cir. 1994) (internal quotation marks omitted)). The ADA, moreover, does not apply to the federal government. *See Emrit v. Nat'l Institutes of Health*, 157 F. Supp. 3d 52, 56 n.3 (D.D.C. 2016), citing 42 U.S.C. § 12111(2), (5)(B)(i) (excluding United States as an "employer" subject to the ADA).

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, which plaintiff also invokes, waives the federal government's immunity for certain personal injury claims for damages. But before proceeding in federal court, the complainant must have first presented the claim "to the appropriate Federal agency" and obtained a final written denial or allowed six months to pass without a final disposition. 28 U.S.C. § 2675(a). Nothing in the complaint suggests that plaintiff has pursued his administrative remedy under the FTCA, and under the law in this circuit, the presentment requirement is "jurisdictional." *Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 2007).

Apart from the jurisdictional barriers, plaintiff admits that he has filed "this cause of action" in other federal district courts, Compl. ¶ 6, and a "search of the federal judiciary's Public

Access to Court Electronic Records (PACER) service reveals that from February 7, 2019 through February 18, 2019, plaintiff filed nine virtually identical actions against the same defendants named herein." *Emrit v. DeVos*, No. 1:20-CV-35 JAR, 2020 WL 833595, at *1 (E.D. Mo. Feb. 20, 2020) (citing cases). This suggests that plaintiff is abusing the process and the privilege of proceeding *in forma pauperis*. Plaintiff is warned, therefore, that his persistence in submitting lawsuits of this type and in this manner may result in an injunction that bars him from proceeding *in forma pauperis* in future actions before this Court. *See Hurt v. Social Security Admin.*, 544 F.3d 308, 310 (D.C. Cir. 2008) (approving the denial of an abusive litigant's "IFP status prospectively."); *Butler v. Dep't of Justice*, 492 F.3d 440, 446 (D.C. Cir. 2007) ("Butler may continue to engage in this pastime [of filing repetitive actions] if he wishes, but if he chooses to do so here, it will have to be on his own dime."); *see also Ibrahim v. District of Columbia*, 208 F.3d 1032, 1036 (D.C. Cir. 2000) ("Leave to file a claim *in forma pauperis* has always been a matter of grace, a privilege granted in the court's discretion . . ., and denied in the court's discretion when that privilege has been abused by filing claims or appeals that are frivolous or otherwise not taken in good faith.") (citations omitted).

The Court agrees with the U.S. District Courts for the Southern District of Texas and the Eastern District of Missouri that each of plaintiff's claims is conclusory, merely reciting "the relevant law" but drawing no logical "connection between the factual allegations in the complaint" and the "legal claims." *Emrit v. Devos*, No. 2:20-MC-00316, 2020 WL 1279205, at *1 (S.D. Tex. Feb. 19, 2020), *report and recommendation adopted*, No. 2:20-CV-52, 2020 WL 1272606 (S.D. Tex. Mar. 17, 2020) (record citations omitted)); *Emrit*, 2020 WL 833595, at *2. Furthermore, the "Debt Collection Improvement Act clearly makes Social Security benefits subject to offset" to collect student loan debt, *Lockhart v. United States*, 546 U.S. 142, 145

(2005), and that lawful action seems to be the gravamen of plaintiff's rambling complaint. Consequently, this case will be dismissed.  A separate Order accompanies this Memorandum Opinion.

_____s/_____

AMY BERMAN JACKSON

Date: April 6, 2020                              United States District Judge